JOSEPH D. ELFORD (SBN 189934)
Law Offices of Joseph D. Elford
1875 Mission Street #311
San Francisco, CA 94103
Telephone: (415) 573-7842
Email: joeelford@yahoo.com

Counsel for Plaintiffs
ARASH ETEGHAEI and MITRA ZADE

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNY OF ALAMEDA

| | |
|---|---|
| ARASH ETEGHAEI and MITRA ZADE, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF ALAMEDA, a municipal corporation; SHERIFF GREGORY J. AHERN, in his individual and official capacities; LT. FARRUGGIA, in his individual and official capacities; OFR. SCOTT BRANDON, in his individual and official capacities; OFR. R. WALTER, in his individual and official capacities; DET. A. MATEEN, in his individual and official capacities; OFR. J. DORMER, in his individual and official capacities; OFR. M. MONCADA, in his individual and official capacities; OFR. JOSHUA ARMILLO, in his individual and official capacities; UNIVERSITY OF CALIFORNIA, SANTA BARBARA, an entity of unknown form; SGT. G. LEVETTE, in his individual and official capacities; OFR. SAMANIEGO, in her individual and official capacities; OFR. AVILA, in her individual and official capacities; and DOES 1-50, <br><br> Defendants. | Case No. 4:22-cv-04298-KAW <br><br> **FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE, AND DECLARATORY RELIEF** <br><br> **JURY TRIAL DEMANDED** |

# I.  INTRODUCTION

1.      Both the federal and state constitutions forbid law enforcement officers from using excessive force in their execution of search warrants.  Against these constitutional commands, on November 2, 2021, the defendants assembled an armed squad of at least ten law enforcement officers to execute a warrant at the home of plaintiffs Arash Eteghaei and Mitra Zade (collectively "plaintiffs"), who, as the officers knew full well, were completely innocent of any crime and did not have any weapons.  The officers came with sirens blazing, guns drawn, and loudspeaker commands to the plaintiffs to exit their home, even though they had just called Mr. Eteghaei on his cellphone to tell him to exit his home.  Eteghaei immediately did so, barefoot, and with his hands up.  One officer, nonetheless, pointed his assault rifle at Eteghaei and shouted at him multiple times to put his hands up, even though they already were, prompting Eteghaei to ask "what's wrong?"  Defendants, then, handcuffed both plaintiffs, so tightly for Ms. Zade that she suffered visible injuries to her wrists.  The apparent motivation for the officers to use this unwarranted show of force was to embarrass the plaintiffs in front on their neighbors and place them in unnecessary fear.  This, the the Constitution forbids.  While law enforcement officers may execute search warrants in a reasonable manner, they may not execute warrants in a manner to embarrass, humiliate and make a spectacle of innocent residents and to scare them. Nor may they unnecessarily point guns at their heads and handcuff them.  This action is filed to contest defendants' gratuitous display, and use, of force to prevent what happened to plaintiffs from happening to others.

# II.  JURISDICTION AND VENUE

2.      Plaintiffs bring this action to redress the deprivation of constitutional rights secured to them, and others, by the Fourth Amendment to the United States Constitution, 42

U.S.C. § 1983, and Article I, Section 7 of the California Constitution.  It also seeks to redress the deprivation of plaintiffs statutory rights and common law torts under State law.

3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343; and 42 U.S.C. §§ 1983, 1985, 1986 and 1988 and Article VI, Section 10 of the California Constitution, Cal. Code of Civil Procedure § 88; Cal. Civil Code § 52.1.  This court has jurisdiction over the state law causes of action, as the state claims form part of the same case or controversy.  *See* 28 U.S.C. §§ 1367.

4.    On April 25, 2022, plaintiffs filed am administrative claim with the County of Alameda, in compliance with California Government Code Sections 910 *et seq.*  That claim was rejected by the County as a matter of law on May 30, 2022, since the County failed to act upon it with 45 days.  (Cal. Govt. Code, § 912.4, subd. (c).)  This complaint was filed on June 17, 2022, so this action is timely.

5.    On May 2, 2022, plaintiffs filed am administrative claim with the University of California, Santa Barbara ("UCSB") Risk Management and Insurance Office, in compliance with California Government Code Sections 910 *et seq.*  Plaintiffs were subsequently notified that no tort claim was necessary for claims against UCSB.  In any event, the tort claim was rejected by UCSB as a matter of law on June 16, 2022, since UCSB failed to act upon it with 45 days.  (Cal. Govt. Code, § 912.4, subd. (c).)  This complaint is filed on June 17, 2022, so this action is timely.

6.    Venue is proper in this judicial district under 28 U.S.C. § 1391 because the events giving the rise to the complaint occurred in the County of Alameda, which is in this judicial district.

/ / /

### III.  THE PARTIES

**A.**     **Plaintiffs**

8.      Plaintiff ARASH ETEGHAEI ("Eteghaei") was a resident of the County of Alameda at all relevant times.  He is a fifty-one-year-old father who is married to plaintiff Mitra Zade.  Neither has any criminal history or has been accused of any criminal wrongdoing.

9.      Plaintiff MITRA ZADE ("Zade") was a resident of the County of Alameda at all relevant times.  She is a fifty-two-year-old mother who is married to plaintiff Eteghaei.  Neither has any criminal history or has been accused of any criminal wrongdoing.

**B.**     **Defendants**

10.      Defendant COUNTY OF ALAMEDA ("Alameda" or "County") is, and at all times mentioned herein was, a municipal corporation within the State of California.  This entity and the below-listed individual Alameda County defendants are collectively referred to as the "Alameda County Defendants."

11.      Defendant SHERIFF GREGORY J. AHERN is, and at all times mentioned herein was, the Sheriff of El Dorado County.  He is sued in his individual and official capacities.

12.      Defendant LT. FARRUGGIA ("Farruggia") is, and at all times mentioned herein was, a Deputy Sheriff with the County of Alameda.  He is sued in his individual and official capacities.

13.      Defendant OFR. SCOTT BRANDON ("Brandon") is, and at all times mentioned herein was, a Deputy Sheriff with the County of Alameda.  He is sued in his individual and official capacities.

14. Defendant OFR. R. WALTER ("Walter") is, and at all times mentioned herein was, a Deputy Sheriff with the County of Alameda. He is sued in his individual and official capacities.

15. Defendant DET. A. MATEEN ("Mateen") is, and at all times mentioned herein was, a Deputy Sheriff with the County of Alameda. He is sued in his individual and official capacities.

16. Defendant OFR. J. DORMER ("Dormer") is, and at all times mentioned herein was, a Deputy Sheriff with the County of Alameda. He is sued in his individual and official capacities.

17. Defendant OFR. M. MONCADA ("Moncada") is, and at all times mentioned herein was, a Deputy Sheriff with the County of Alameda. He is sued in his individual and official capacities.

18. Defendant OFR. JOSHUA ARMILLO ("Armillo") is, and at all times mentioned herein was, a Deputy Sheriff with the County of Alameda. He is sued in his individual and official capacities.

19. Defendant UNIVERSITY OF CALIFORNIA, SANTA BARBARA ("UCSB") is, and at all times mentioned herein was, an entity of unknown form within the State of California. This entity and the below-listed individual UCSB defendants are collectively referred to as the "UCSB Defendants."

20. Defendant SGT. G. LEVETTE ("Levette") is, and at all times mentioned herein was, an officer with the UCSB Police Department ("UCSBPD"). He is sued in his individual and official capacities.

21.     Defendant OFR. SAMANIEGO ("Samaniego") is, and at all times mentioned herein was, an officer with the UCSB Police Department ("UCSBPD").  She is sued in her individual and official capacities.

21.     Defendant OFR. AVILA is, and at all times mentioned herein was, an officer with the UCSB Police Department ("UCSBPD").  She is sued in his individual and official capacities.

23.     Plaintiffs are ignorant of the true names of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and therefore alleges that each of the Doe defendants is legally responsible and liable for the injuries and damages hereinafter set forth, and that each of the said defendants proximately caused said injuries and damages by reason of their violation of constitutional and legal rights.

24.     Each of the defendants caused and is responsible for the below-described unlawful conduct and resulting injuries by, among other things:  personally participating in the unlawful conduct or acting jointly or conspiring with others who did so by authorizing, acquiescing or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial steps or disciplinary action.  In doing the acts alleged herein, defendants and each of them had a duty to protect the health and safety of the Plaintiff, and they failed to exercise due care in the enforcement of that duty.

25.     In doing the acts alleged herein, Defendants and each of them acted as the agent, servant, employee, partner, joint-venturer, co-conspirator and/or in concert with each of said

other defendants; and in engaging in the conduct hereinafter alleged, were acting with the permission, knowledge, consent and ratification of their co-defendants, and each of them.

26.     In engaging in the conduct described herein, Defendants acted under color of law and in the course and scope of their employment with the County.  In engaging in the conduct described herein, Defendants exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant County.

27.     The acts and omissions of Defendants as set forth herein were pursuant to the customs, policies, practices, and procedures of County of Alameda and its Sheriff's Department and/or the University of California, Santa Barbara and its Police Department.

28.     Defendants' acts were willful, wanton, malicious and oppressive and done with conscious disregard and deliberate indifference to plaintiffs' rights, thereby justifying the award of exemplary and punitive damages.

## IV.     FACTS APPLICABLE TO ALL CAUSES OF ACTION

29.     Plaintiffs' son Arian has been accused of crimes while attending the University of California, Santa Barbara ("UCSB").  In search of Arian's cellphone and to arrest him, defendants executed a warrant at the home of Arian's parents, plaintiffs Eteghaei and Zade, on November 2, 2021.  Neither Eteghaei nor Zade has any criminal history or has been accused of any crime, and the defendants knew this when they executed the warrant.

30.     Despite the fact that neither the plaintiffs nor Arian posed any risk to the officers, they assembled a team of at least ten officers to execute a search warrant for a cellphone at the home that plaintiffs had lived in for 16 years.

31.     The officers came with a full show of force.  They blared their sirens, issued commands over a loudspeaker, and arrived with guns drawn.

32.     When Eteghaei exited his home in compliance with the defendants' commands in his bare feet, one officer pointed an assault rifle at his face from close distance and other officers handcuffed him.

33.     They did the same to Zade when she exited the home, after she attempted to video record the incident and requested that the defendants produce a search warrant.

34.     Furthermore, the defendants placed the handcuffs on Zade so tightly that she suffered visible injuries to her wrists.

35.     Defendants' gratuitous and extreme use of force was unnecessary and was designed to embarrass and humiliate the plaintiffs in front of their neighbors.

36.     Their seizures of the plaintiffs without reasonable suspicion or probable cause also violates the Fourth Amendment and Article I, Section 7 of the California Constitution.

37.     An actual and substantial controversy exists between plaintiffs and defendants as to their respective legal rights and duties.  Plaintiffs contend that the defendants' excessive use of force and improper seizures are unlawful and unconstitutional, and malicious and wanton, thereby warranting the imposition of punitive damages.  Defendants contend the opposite.

38.     If not enjoined by the Court, defendants will continue to commit similar constitutional violations, in derogation of the rights of plaintiffs and other similarly situated individuals.  Such conduct, if left unchecked, will inflict irreparable injury on the plaintiffs and other persons.

39.     Plaintiffs have no plain, speedy, and adequate remedy at law.

40.     Plaintiffs have exhausted their administrative remedies.  (See *supra* at p. 3, ¶¶ 4, 5.)

## V.  CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## Violation of Plaintiffs' Fourth Amendment Rights (42 U.S.C. §§ 1983) --

## Excessive Force in the Execution of the Search Warrant

## (Against All Defendants)

41.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 40 of this Complaint as though fully alleged herein.

42.     Defendants' execution of the search warrant at plaintiffs' residence involved an excessive and unreasonable show and use of force.

43.     *First*, the defendant officers exhibited unreasonable and excessive show of force by employing multiple vehicles with sirens, using loudspeaker commands, pointing guns at the defendants, and handcuffing them in front of their neighbors while executing the warrant.

44.     *Second*, and more particularly, defendants used excessive force in executing the search warrant by arbitrarily pointing their guns at the faces of Mr. Eteghaei and Mrs. Zade when they peacefully exited their home in compliance with the officers' commands.  (*See, e.g., Thompson v. Rahr*, 885 F.3d 582, 587 (9th Cir. 2018) ("pointing guns at persons who are compliant and present no danger is a constitutional violation") (quoting *Baird v. Renbarger*, 576 F.3d 340, 346 (7th Cir. 2009)); *Tekle v. United States*, 511 F.3d 839, 845 (9th Cir. 2007) ("We have held that the pointing of a gun at someone may constitute excessive force, even if it does not cause physical injury"); *Baldwin v. Placer County*, 418 F.3d 966, 970 (9th Cir. 2005) (rejecting qualified immunity claim of officers for excessive force claim in execution of warrant;

defendants "violated the civil right of the plaintiffs to be free from battery by gun-wielding officers, a right established in this circuit since 1984") (citing *McKenzie v. Lamb*, 738 F.2d 1005, 1010 (9th Cir. 1985) (Kennedy, J.).)

45.     *Third*, the defendant officers used excessive force in executing the search warrant by handcuffing Mr. Eteghaei and Mrs. Zade when they peacefully exited the home.  (*See, e.g., Meredith v. Erath*, 342 F.3d 1057, 1063 (9th Cir. 2003) ("Our decision today makes it clear that [handcuffing a person and detaining her in handcuffs during a search for evidence], absent justifiable circumstances, will result in a Fourth Amendment violation.").)

46.     *Fourth*, the defendant officers used excessive force against Mrs. Zade by placing handcuffs on her so tightly as to cause noticeable physical injuries to her wrists.

47.     *Fifth*, the defendant officers unreasonably detained plaintiffs in their execution of the search warrant by pointing guns at them, handcuffing them, and forcing Mrs. Zade into a law enforcement vehicle reasonable suspicion or probable cause.  (*See, e.g., Franklin v. Foxwith*, 31 F.3d 873, 876 (9th Cir. 1994) (a detention may be unlawful under the Fourth Amendment "either because the detention itself is [unreasonable] or because it is carried out in an unreasonable manner").)

48.     Defendants did the aforesaid acts under color of law, purportedly in performing their official duties.

49.     As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

50.     The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by defendant County of Alameda tantamount to a custom, policy or practice of condoning and tacitly encouraging the disregard for the constitutional rights of

Alameda County citizens, as described herein.  The County is, therefore, liable under *Monell v. Dep't of Soc. Serv. of the City of New York*, 429 U.S. 1071 (1977).

## SECOND CAUSE OF ACTION

**Conspiracy to Violate Plaintiffs' Fourth Amendment Rights (42 U.S.C. §§ 1983 and 1985)**

**(Against All Defendants)**

51.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 50 of this Complaint as though fully alleged herein.

52.     Defendants conspired with each other to violate the civil rights of plaintiffs, in particular, the Fourth Amendment right to be free from excessive force and unreasonable searches and seizures.

53.     Defendants did the aforesaid acts under color of law, purportedly in performing their official duties.

54.     By conspiring to execute the search warrant at plaintiffs' residence in an excessive and unreasonable manner, defendants violated the Fourth Amendment to the United States Constitution, which is a violation of 42 U.S.C. §§ 1983 and 1985.

## THIRD CAUSE OF ACTION

**Violation of 42 U.S.C. § 1986**

**(Against All Defendants)**

55.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 54 of this complaint as though fully set forth herein.

56.     The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures, as well as the use of excessive force, in executing search warrants

57.     By planning and failing to prevent their officers from executing the search warrant in an unconstitutional manner, defendants violated 42 U.S.C . § 1986.

58.     Defendants did the aforesaid acts under color of law, purportedly in performing their official duties.

59.     As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

60.     The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by defendants County of Alameda tantamount to a custom, policy or practice of the agencies of condoning and tacitly encouraging the disregard for the constitutional rights of Alameda County citizens, as described herein.

## FOURTH CAUSE OF ACTION

## SUPERVISORY LIABILITY (42 U.S.C. § 1983)

## (Against Defendants Sheriff Gregory Ahern, Lt. Farruggia, Det. A. Mateen, Sgt. Levette, Det. Samaniego, and Det. Avila)

61.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 60 of this Complaint as though fully alleged herein.

62.     Defendants Sheriff Gregory Ahern, Lt. Farruggia, Sgt. Levette, Det. A. Mateen, Sgt. Levette, Det. Samaniego, and Det. Avila supervised the officers who executed the search warrant and were present at, or knew about, its execution.

63.     Defendants did the aforesaid acts under color of law, purportedly in performing their official duties.

64.     The supervisors acquiesced in and ratified the illegal conduct described in this complaint.

65.     As a direct and proximate result of the said wrongful conduct and/or omissions of defendants Sheriff Gregory Ahern, Lt. Farruggia, Sgt. Levette, Det. A. Mateen, Sgt. Levette, Det. Samaniego, and Det. Avila, plaintiffs suffered actual injuries and damages.

**FIFTH CAUSE OF ACTION**

**Violation of Plaintiffs' Fourth Amendment Rights (42 U.S.C. §§ 1983) --**

**Unreasonable Seizure**

**(Against All Defendants)**

66.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 65 of this Complaint as though fully alleged herein.

67.     Defendants' seizure of plaintiffs was unconstitutional under the Fourth Amendment to the United States Constitution, as described below.

68.     The defendant officers unreasonably detained plaintiffs in their execution of the search warrant because they did so without reasonable suspicion that either plaintiff had committed a crime or posed a threat.

69.     By pointing guns at the plaintiffs, handcuffing them, and forcing Mrs. Zade into a law enforcement vehicle, the defendants falsely arrested the plaintiffs without probable cause.

70.     As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

71.     The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by defendant County of Alameda tantamount to a custom, policy or practice of condoning and tacitly encouraging the disregard for the constitutional rights of Alameda County citizens, as described herein.  The County is, therefore, liable under *Monell v. Dep't of Soc. Serv. of the City of New York*, 429 U.S. 1071 (1977).

**SIXTH CAUSE OF ACTION**

**Violation of California Constitution, article 1, § 7, subdivision (a)**

**(Against All Defendants)**

72.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 71 of this complaint as though fully set forth herein.

73.     Article 1, section 7, subdivision (a) of the California Constitution prohibits unreasonable searches and seizures, as well as the use of excessive force, in executing search warrants.

74.     By seizing plaintiffs without reasonable suspicion or probable cause and executing the search in the excessive and unlawful manner, defendants violated article 1, section 7 of the California Constitution.

75.     As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

76.     The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by defendant County of Alameda tantamount to a custom, policy or practice of condoning and tacitly encouraging the disregard for the constitutional rights of Alameda County citizens, as described herein.  The County is, therefore, liable under *Monell v. Dep't of Soc. Serv. of the City of New York*, 429 U.S. 1071 (1977).

**SEVENTH CAUSE OF ACTION**

**Violation of California Civil Code § 52.1**

**(Against All Defendants)**

77.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 76 of this complaint as though fully set forth herein.

78.    Article 1, section 7, subdivision (a) of the California Constitution prohibits unreasonable searches and seizures, as well as the use of excessive force, in executing search warrants.  So, too, do the Fourth and Fourteenth Amendments to the United States Constitution.

79.    By executing the search in the excessive and unlawful manner described above, preceded by threats, intimidation, coercion, and an illegal detention/arrest, defendants interfered with, and attempted to interfere by threats, intimidation and coercion with plaintiffs' peaceable enjoyment of the rights secured to them by the federal and state constitutions, in violation of the Bane Civil Rights Act, Cal. Civil Code section 52.1.

80.    As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

81.    The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by defendant County of Alameda tantamount to a custom, policy or practice of condoning and tacitly encouraging the disregard for the constitutional rights of Alameda County citizens, as described herein.

82.    Under California Government Code section 820(a), the individual officer defendants are liable for damages for their own misconduct.

83.    Under California Government Code section 815.2(a), the public entity employers are vicariously liable for conduct performed within the scope and course of defendants' employment.

/ / /

/ / /

/ / /

**EIGHTH CAUSE OF ACTION**

**Conspiracy to Violate California Civil Code § 52.1**

**(Against All Defendants)**

84.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 83 of this complaint as though fully set forth herein.

85.     Article 1, section 7, subdivision (a) of the California Constitution prohibits unreasonable searches and seizures, as well as the use of excessive force, in executing search warrants.  So, too, does the Fourth and Fourteenth Amendments to the United States Constitution.

86.     By conspiring to execute the search in the excessive and unlawful manner described above, preceded by threats intimidation and coercion, defendants interfered with, and attempted to interfere by threats, intimidation and coercion with plaintiffs' peaceable enjoyment of the rights secured to them by the federal and state constitutions, in violation of the Bane Civil Rights Act, Cal. Civil Code section 52.1.

87.     As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

88.     The acts and omissions alleged in this Complaint are indicative and representative of a repeated course of conduct by defendant County of Alameda tantamount to a custom, policy or practice of condoning and tacitly encouraging the disregard for the constitutional rights of Alameda County citizens, as described herein.

89.     Under California Government Code section 820(a), the individual officer defendants are liable for damages for their own misconduct.

90.     Under California Government Code section 815.2(a), the public entity employers are vicariously liable for conduct performed within the scope and course of defendants' employment.

### NINTH CAUSE OF ACTION

### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

### (Against Defendants County of Alameda, Sheriff

### Gregory Ahern, Lt. Farruggia, Det. A. Mateen and DOES 1-50)

91.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 90 of this Complaint as though fully alleged herein.

92.     Upon information and belief, Defendants County of Alameda, Sheriff Gregory Ahern, Lt. Farruggia, Det. A. Mateen, and Does 1-50 hire, train, and supervise the Deputy Sheriffs of Alameda County, including the individually named police officers in this action.

93.     Defendants County of Alameda, Sheriff Gregory Ahern, Lt. Farruggia, Det. A. Mateen, and Does 1-50 were unfit and/or incompetent to perform the work for which they were hired, trained and/or supervised, and Defendants County of Alameda, Sheriff Gregory Ahern, Lt. Farruggia, Det. A. Mateen, and Does 1-50 knew and/or should have known that they were unfit and/or incompetent and that this unfitness and/or incompetence created a risk of harm to the legal rights of individuals like plaintiffs.

94.     As a direct and proximate result of the said wrongful conduct and/or omissions of Defendants County of Alameda, Sheriff Gregory Ahern, Lt. Farruggia, Det. A. Mateen, and Does 1-50, plaintiffs suffered actual injuries and damages..

### TENTH CAUSE OF ACTION

### ASSAULT

### (Against All Defendants)

95.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 94 of this Complaint as though fully alleged herein.

96.     The defendants acted with the intent to cause harmful or offensive conduct by pointing their excessive display of force in executing the plaintiffs, pointing guns at them and handcuffing them.

97.     The plaintiffs reasonably believed that they were about to be touched, or worse, in a harmful or offensive manner.

98.     As a direct and proximate result of the said wrongful conduct and/or omissions of defendants, plaintiffs suffered actual injuries and damages.

99.     Under Government Code § 820(a), the individual officer defendants are liable for their own misconduct.

100.     Under Government Code § 815.2(a), the public entity are vicariously liable for conduct performed by the individual officers within the scope and course of their employment.

### ELEVENTH CAUSE OF ACTION

### BATTERY

### (Against All Defendants)

101.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 100 of this Complaint as though fully alleged herein.

102.     The defendants touched, caused to be touched, or threatened to touch plaintiffs with the intent to harm or offend them.

103.    The plaintiffs did not consent to the touching.

104.    As a direct and proximate result of the said wrongful conduct and/or omissions of defendants, plaintiffs suffered actual injuries and damages.

105.    Under Government Code § 820(a), the individual officer defendants are liable for their own misconduct.

106.    Under Government Code § 815.2(a), the public entity are vicariously liable for conduct performed by the individual officers within the scope and course of their employment.

**TWELFTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against All Defendants)**

107.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 106 of this Complaint as though fully alleged herein.

108.    Defendants conduct, as described above, was extreme and outrageous with the intention of causing, or recklessly disregarding, the probability of causing plaintiffs emotional distress.

109.    Plaintiffs suffered severe or extreme emotional distress.

110.    As a direct and proximate result of the said wrongful conduct and/or omissions of defendants, plaintiffs suffered actual injuries and damages.

111.    Under Government Code § 820(a), the individual officer defendants are liable for their own misconduct.

112.    Under Government Code § 815.2(a), the public entity are vicariously liable for conduct performed by the individual officers within the scope and course of their employment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTEENTH CAUSE OF ACTION**

**NEGLIGENCE -- INFLICTION OF EMOTIONAL DISTRESS**

**(Against All Defendants)**

113.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 112 of this Complaint as though fully alleged herein.

114.    Plaintiffs suffered severe emotional distress as a result of perceiving injuries to each other.

115.    Defendants conduct, as described above, negligently caused injury to plaintiffs.

116.    Plaintiffs were present at the scene when each of them suffered injury as a result of defendants' conduct.

117.    Defendants were aware they were causing injury to plaintiffs.

118.    Plaintiffs suffered serious emotional distress.

119.    Defendants' conduct was a substantial factor in causing plaintiffs' serious emotional distress.

120.    Under Government Code § 820(a), the individual officer defendants are liable for their own misconduct.

121.     Under Government Code § 815.2(a), the public entity are vicariously liable for conduct performed by the individual officers within the scope and course of their employment.

**FOURTEENTH CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants)**

122.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 122 of this Complaint as though fully alleged herein.

123.   Defendants owed a duty of care to plaintiffs.

124.   Defendants breached this duty of care to plaintiffs by the conduct described above.

125.   As a direct and proximate result of defendants' conduct and failure to act, plaintiffs suffered actual injuries and damages.

126.   Under Government Code § 820(a), the individual officer defendants are liable for their own misconduct.

127.    Under Government Code § 815.2(a), the public entity are vicariously liable for conduct performed by the individual officers within the scope and course of their employment.

## FIFTEENTH CAUSE OF ACTION

## FALSE IMPRISONMENT

## (Against All Defendants)

128.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 127 of this Complaint as though fully alleged herein.

129.   The defendants intentionally deprived plaintiffs by the use or threatened use of force.

130.   The detention of plaintiffs compelled plaintiffs to stay or go somewhere for some appreciable time.

131.   Plaintiffs did not voluntarily consent to the detention.

132.   Plaintiffs were actually harmed by the false imprisonment.

133.   Defendants' conduct was a substantial factor in causing plaintiffs' harm.

134.   Under Government Code § 820(a), the individual officer defendants are liable for their own misconduct.

135.     Under Government Code § 815.2(a), the public entity are vicariously liable for conduct performed by the individual officers within the scope and course of their employment.

## SIXTEENTH CAUSE OF ACTION

## FALSE ARREST

## (Against All Defendants)

136.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 135 of this Complaint as though fully alleged herein.

137.     The defendants arrested plaintiffs without a warrant.

138.     Plaintiffs were actually harmed by the false arrest.

139.     Defendants' conduct was a substantial factor in causing plaintiffs' harm.

140.     Under Government Code § 820(a), the individual officer defendants are liable for their own misconduct.

141.     Under Government Code § 815.2(a), the public entity are vicariously liable for conduct performed by the individual officers within the scope and course of their employment.

## SEVENTEENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA GOVERNMENT CODE § 7286(b)(5)

## (Against Defendants County of Alameda and University of California, Santa Barbara)

142.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 141 of this Complaint as though fully alleged herein.

143.     California Government Code § 7286 (b)(5) requires all California law enforcement agencies to promulgate "[c]lear and specific guidelines regarding situations in which officers may or may not draw a firearm or point a firearm at a person."

144.     Neither the County of Alameda not the University of California Santa Barbara, has promulgated a firearm policy in compliance with Government Code § 7286 (b)(5).

## V.  RELIEF SOUGHT

WHEREFORE, plaintiffs, on behalf of themselves and others similarly situated, seek the following relief:

1.     A declaration that the defendants' actions are unlawful and unconstitutional;

2.     A preliminary and permanent injunction compelling the entity defendants to enact a policy forbidding officers from handcuffing compliant persons, absent justifiable circumstances;

3.     A preliminary and permanent injunction compelling the entity defendants to change their use of force policies to include handcuffing as a use of force;

4.     A preliminary and permanent injunction compelling the entity defendants to enact a policy forbidding officers from handcuffing compliant persons, absent justifiable circumstances;

5.     A preliminary and permanent injunction mandating that the entity defendants enact a firearm policy in compliance with Government Code § 7286 (b)(5);

6.     Compensatory damages, plus punitive damages against the individual defendants, according to proof;

7.     Costs and attorneys fees incurred in this action; and

8.     Such other and further relief as this Court may be just and proper.

DATED:  September 1, 2022

JOSEPH D. ELFORD
Counsel for Plaintiffs

**VERIFICATION**

I declare that my offices are located in the County of San Francisco, which is not the same county as the named plaintiffs, so I verify this Complaint on their behalf.  My investigation, combined with the individual declarations, support my verification of the facts alleged in the instant complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 1st day of September, in San Francisco, California.


JOSEPH D. ELFORD
Counsel for Plaintiffs

**DEMAND FOR JURY TRIAL**

      Plaintiffs hereby demand a jury trial of this action.


DATED:      September 1, 2022



JOSEPH D. ELFORD
Counsel for Plaintiffs